UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GODFREY LOGAN JR., | Case No. 2:25-cv-03554-TLN-CSK |
| Plaintiff, | |
| v. | ORDER TRANSFERRING CASE |
| WELLS FARGO BANK, et al., | |
| Defendants. | |

Plaintiff Ernest Godfrey Logan Jr. is proceeding in this action pro se and has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court will transfer this action to the United States District Court for the Central District of California because venue is not proper in this district.

**I.   VENUE**

The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). An order addressing venue transfer does not address the merits of the case and is a non-dispositive matter that falls within the scope of a magistrate judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A). *See Ames v. Wells Fargo Bank, N.A.*, 2023 WL 7392026, at *2 (N.D. Cal. Oct. 27, 2023), *reconsideration denied*, 2023 WL 7434359 (N.D. Cal. Oct. 31, 2023).

1

defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." A court may raise and decide the issue of venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

## II.    DISCUSSION

The Complaint names the following Defendants: "Wells Fargo Bank 11305 W. Crenshaw Blvd, Los Angeles;" "Ms. Jordan, bank appointment officer;" and "Allied Security (guards)." Compl. at 1-2 (ECF No. 1). Defendants Jordan and Allied Security are alleged to be located in Los Angeles. *Id*. at 2. The Complaint alleges Plaintiff was forced to make an appointment with Defendant Jordan at the Baldwin Hills Wells Fargo Bank location and that Defendant Jordan denied Plaintiff a bank account because of his race. *Id*. at 4-6. The Complaint further alleges Defendants followed Plaintiff and stole his debit cards, wallet, $2 million in cash, and an "olympic bond" that was supposed to be deposited in his bank account. *Id.* The relevant witnesses and information related to this case are all located in the Los Angeles area. Therefore, because this case is based on events that occurred in Los Angeles and the responding Defendants are also in this area, Plaintiff's case should have been filed in the United States District Court for the Central District of California. In the interest of justice, a court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a). Accordingly, this matter is transferred to the United States District Court for the Central District of

1  California.

2      In transferring this action to the United States District Court for the Central District
3  of California, this Court is not expressing any opinion regarding the merits of Plaintiff's
4  claims. Parties are instructed to direct any further filings or inquiries related to this case
5  to the United States District Court for the Central District of California. Further
6  documents filed in the Eastern District of California related to this case will be
7  disregarded.

8  **III.     CONCLUSION**

9      For the reasons stated above, IT IS HEREBY ORDERED that:

10     1.    This action, including Plaintiff's motion to proceed in forma pauperis (ECF
11         No. 2), is TRANSFERRED to the United States District Court for the
12         Central District of California pursuant to 28 U.S.C § 1406(a); and
13     2.    The Clerk of the Court is directed to CLOSE this action.

15 Dated: January 7, 2026

16     CHI SOO KIM
    UNITED STATES MAGISTRATE JUDGE

17 4, loga3554.25